■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MCGRATH, Appellant.— Appeal by defendant, as limited by his brief, from a judgment of the Supreme Court, Kings County, rendered January 6, 1967, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the trial court for the purpose of (a) holding a hearing upon defendant's motion to withdraw his plea of guilty, upon which defendant should be represented by new counsel, (b) making a determination thereon *de novo* and (c) further proceedings not inconsistent herewith. The findings of fact are affirmed. We are of the opinion that the record clearly establishes defendant's guilt and his conscious and voluntary admission of the facts showing such guilt when interrogated by the trial court prior to the acceptance of his guilty plea; and on the facts we find no abuse of discretion by the trial court in denying defendant's motion to withdraw his plea (cf. *People* v. *Sparaco,* 14 N Y 2d 786; *People* v. *Garland,* 24 A D 2d 970; *People* v. *Henzey,* 24 A D 2d 764). However, we are constrained to reverse because defendant was deprived of the effective assistance of counsel at the hearing when his assigned attorneys in effect took a position adverse to him and contradicted his allegations that they knew he was innocent but nevertheless advised him to lie to the court, as he would get a light sentence if he pleaded guilty (*People* v. *Rozzell,* 20 N Y 2d 712; *People* v. *Boyd,* 22 N Y 2d 707; *People* v. *Kennedy,* 22 N Y 2d 280; *People* v. *Driscoll,*

30 A D 2d 793). While an attorney from the Legal Aid Society conferred with defendant during the course of the hearing, at the court's request, "to aid the Court" in reaching its determination, and reported defendant's contentions to the court substantially as defendant had previously stated them, we do not find that such limited participation constituted the "effective assistance of counsel" at that "critical stage of the proceeding" mandated by the cases last cited. Defendant's other contentions have been examined and we find no merit therein. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.